**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KARAPET VARDANIAN,<br><br>    Petitioner,<br><br>v.<br><br>SERGIO ALBARRAN, et al.,<br><br>    Respondents. | Case No. 1:26-cv-00827-JLT-SKO<br><br>ORDER GRANTING THE PETITION FOR HABEAS CORPUS; ORDERING PETITIONER'S IMMEDIATE RELEASE[1]<br><br>(Docs. 1, 2.) |

## I.  INTRODUCTION

Before the Court for decision is Karapet Vardanian's request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed their response to the TRO and the underlying petition asserting only that the petitioner is subject to mandatory detention, a legal position that this Court has rejected repeatedly. (Doc. 9.) Thus, the Court **GRANTS** the petition for writ of habeas corpus.

## II.  FACTUAL & PROCEDURAL BACKGROUND

Petitioner has been in the custody of Immigration and Customs Enforcement since his entry into the United States on November 19, 2024. (Doc. 1 at 4.) Petitioner was placed in removal proceedings before the Immigration Court pursuant to U.S.C. § 1229a and was charged,

---

[1] The respondents reported that no further briefing was requested as to the underlying petition. (Doc. 9 at 2.) Because the Court orders the immediate release of the petition and grants the underlying petition, the motion for temporary restraining order (Doc. 2) is **MOOT**.

1  *inter alia*, as being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the
2  United States without inspection and 8 U.S.C. §1182(a)(7)(A)(i)(I) for not being admitted or
3  paroled. (Doc. 2-1 at 4.)
4      On August 25, 2025, an Immigration Judge granted Petitioner's application for
5  Withholding of Removal under INA section 241(b)(3)(B). (*Id*. at 5.) This grant of relief by the
6  Immigration Judge is final and all appeals have been exhausted. (*Id*.) He is currently being
7  detained at the California City Detention Facility in California City, California. (*Id*.) The
8  government opposes the petition and issuance of preliminary injunctive relief and maintains that
9  Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C.
10 § 1225(b)(2). (*See generally* Doc. 9.)

11                              **III.     LEGAL STANDARD**

12     The Constitution guarantees that the writ of habeas corpus is "available to every
13 individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)
14 (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the
15 power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or
16 laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens
17 in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A.*
18 *R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

19                              **IV.     LEGAL STANDARD**

20     Petitioner argues that his continued detention violates the INA, 8 U.S.C. § 1231(a)(6),
21 and due process, as interpreted by the Supreme Court in *Zadvydas*, 533 U.S. 678. (Doc. 1 at 5-9.)
22 He contends that because the government has granted Petitioner withholding of removal and has
23 not identified any viable or reasonably foreseeable means of effectuating removal to an
24 alternative country, his continued detention no longer bears a reasonable relation to its sole
25 permissible purpose. (*Id*. at 7.)
26     Under the INA, when an individual is subject to a final order of removal, the
27 government ordinarily must secure removal of that individual from the United States within a
28

period of 90 days, known as the "removal period."[2] 8 U.S.C. § 1231(a)(1)(A). The INA authorizes further detention beyond the removal period under certain circumstances, "including, *inter alia*, those who are removable under 8 U.S.C. § 1227(a)(2) for certain criminal offenses, those determined to be a risk to the community, or those unlikely to comply with the order of removal." *Vaskanyan v. Janecka*, No. 5:25-CV-01475-MRA-AS, 2025 WL 2014208, at *3 (C.D. Cal. June 25, 2025) (citing 8 U.S.C. § 1231(a)(6)).

The Supreme Court set the "presumptively reasonable period of detention" under 8 U.S.C. § 1231(a)(6) at six months. *Zadvydas*, 533 U.S. at 701. After the detention has surpassed the "presumptively reasonable" 6-month period, and "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. Additionally, "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink" for detention to remain reasonable. *Id*. However, the "6-month presumption does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. Nor must an alien show that their removal is entirely impossible to receive habeas relief, only that there is no reasonable likelihood of their removal in the foreseeable future. *Id*. at 702. In the Ninth Circuit, "no significant likelihood of removal in the reasonably foreseeable future" means that "the alien must show that he would be unremovable even if the government defeated his petition for review." *Diouf v. Mukasey*, 542 F.3d 1222, 1233 (9th Cir. 2008). In other words, he must be stuck in a "removable-but-unremovable limbo." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008).

Petitioner was ordered removed by an IJ and granted withholding of removal pursuant to § 241(b)(3)(B) on August 25, 2025. (Doc. 1 at 5.) When the IJ ordered petitioner removed and

---

[2] The removal period begins on the latest of the following dates: (i) "[t]he date the order of removal becomes administratively final;" (ii) "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order;" or (iii) "[i]f the [noncitizen] is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement." 8 U.S.C. § 1231 (a)(1)(B)(i)-(iii).

1 granted him withholding of removal, both petitioner and DHS waived their right to appeal the
2 IJ's order. (Doc. 1-4 at 4.) "Because Petitioner and DHS waived their appellate rights,
3 Petitioner's removal order became administratively final that same day." *Tanahan v. United*
4 *States*, No. 2:25-cv-02075-RFB-BNW, 2026 WL 161761, at *4 (D. Nev. Jan. 21, 2026); *see also*
5 8 C.F.R. § 1241.1(b) (noting that an order of removal issued by an IJ becomes final "[u]pon
6 waiver of appeal by the respondent.").

7 Moreover, withholding of removal "prohibits DHS from removing the alien to that
8 particular country, not from the United States. The removal order is not vacated or otherwise set
9 aside. It remains in full force, and DHS retains the authority to remove the alien to any other
10 country authorized by the statute." *Johnson*, 594 U.S. at 536; *see also; Y.T.D. v. Andrews*, No.
11 1:25-cv-01100 JLT SKO, 2025 WL 2675760, at *1 (E.D. Cal. Sept. 18, 2025) ("If withholding
12 or CAT relief is granted, either party has the right to appeal that decision to the BIA within 30
13 days. See 8 C.F.R. § 1003.38(b). If both parties waive appeal or neither party appeals within the
14 30-day period, the withholding or CAT relief grant and the accompanying removal order become
15 administratively final." *Y.T.D*, 2025 WL 4233827, at *n.5. Thus, § 1231(a) controls Petitioner's
16 detention, and the 90-day mandatory detention period pursuant to that provision began to run on
17 August 25, 2025 in Petitioner's case and expired on November 23, 2025.

18 There is nothing in the record to suggest any likelihood that Petitioner will be deported to
19 Russian in the reasonably foreseeable future, nor is there evidence in the record that Respondents
20 are taking any steps to remove petitioner to Russia. Moreover, Respondents do not dispute
21 Petitioner's arguments and instead deploy a boilerplate assertion that Petitioner is an "applicant
22 for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) of the INA and
23 therefore categorically ineligible for a bond hearing. (Doc. 9 at 1-2.) On this record, Petitioner
24 has provided "good reason to believe that there is no significant likelihood of removal in the
25 reasonably foreseeable future" and respondents have not produced any evidence that would rebut
26 that showing. Thus, for the reasons set forth, the Court **ORDERS**:

27 1. The petition for writ of habeas corpus is **GRANTED** for the reasons stated in the
28 orders cited above;

  2.  Respondents are **ORDERED** to release the petitioner **IMMEDIATELY**;

  3.  Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[3];

  4.   The Clerk of Court is directed to close this case and enter judgment for Petitioner

IT IS SO ORDERED.

Dated: **March 2, 2026**          _____
                     UNITED STATES DISTRICT JUDGE

---

[3] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here, **SHALL** be provided within seven days of the arrest.